GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street, 2nd Floor
New York, New York 10004
(212) 847-8315
Oren Giskan
Amy Robinson
David O'Brien
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
Spencer Hahn, individually and on behalf of others similarly situated,

                                 Plaintiff,

-against-

JetBlue Airways Corporation,

                                 Defendant.
-------------------------------------------------------------------------X

Case No. 1:21-CV-06867

**AMENDED CLASS ACTION COMPLAINT**

**DEMAND FOR JURY**

Plaintiff brings this class action[1] to obtain refunds of improperly withheld September 11th Security Fees ("TSA Fee") for passengers who cancelled their tickets with JetBlue prior to travel, or otherwise did not travel, and for a determination that JetBlue's failure to do so is a breach of the contract with its passengers.

## PARTIES

1. Plaintiff Spencer Hahn is a United States citizen residing in California.

---

[1] Although the Court has dismissed the class claims in this action, this Amended Complaint retains the class allegations to preserve those claims for appeal.

1

2. Defendant JetBlue is one of the largest airlines in the United States. JetBlue is a Delaware corporation headquartered in Long Island City, New York.

## VENUE AND JURISDICTION

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d) because at the time of filing the amount in controversy exceeded $5,000,000, and the class is comprised of at least some persons who are citizens of a state different from JetBlue.

4. Furthermore, by Order dated August 19, 2022, the Court dismissed Plaintiff's class claim due to a class action waiver contained in the operative contract, and sustained Plaintiff's individual claim, which as the Court has stated includes a request for actual damages, an injunction, and pre-judgment and post-judgment interest. The Court continued to exercise jurisdiction over the remaining claim, citing to authority that held that "because at the time the case was brought to federal court the complaint 'appeared to plead in good faith the class claim necessary for jurisdiction, the fact that the court subsequently determined that the case could not proceed as a class action under CAFA did not deprive it of subject matter jurisdiction.'" Memorandum & Order (ECF No. 20), p. 8 (quoting *F5 Capital v. Pappas*, 856 F.3d 61, 77 (2d Cir. 2017)).

5. This Court has personal jurisdiction over JetBlue because JetBlue does continuous business in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and Defendant does continuous business in this District.

## FACTUAL ALLEGATIONS

7. On August 3, 2021, Plaintiff used the JetBlue web site, jetblue.com, to purchase an airline ticket to fly on JetBlue from Los Angeles LAX to San Francisco SFO. He paid $58.40, an amount that included airfare, all taxes, and a TSA Fee.

8. On November 23, 2021, Plaintiff determined that he did not wish to travel, so he alerted JetBlue. Using the chat feature on the JetBlue website, Plaintiff requested a refund of his TSA Fee. The JetBlue representative rejected his request. The following screenshots present their full discussion:



4



9. In response to Plaintiff's request for a refund, the JetBlue representative stated: "the taxes … are nonrefundable" because "it is 1 price," "you agreed to the terms and conditions of the fare when you booked your reservation," "I can't separate the taxes from the fare," "I can't refund any amount of the ticket."

5

10. Contrary to JetBlue's statement, the TSA Fee is indeed refundable, and JetBlue has itself promised to refund that fee as required by law. The subsequent sections explain the basis of that obligation under contract and law.

**JetBlue's Obligation Under its Contract of Carriage**

11. The JetBlue <u>Contract of Carriage</u> states in provision 4.a.2.b:

> Taxes and fees will not be refunded except when required by applicable law and, where permitted, only upon written request by Passenger.

12. This provision obliges JetBlue to refund those fees for which governing regulations already require a refund. The TSA fees that Plaintiff prepaid fall into this category.

13. All passengers who purchase tickets for travel with JetBlue are subject to the JetBlue <u>Conditions of Carriage</u>.

**Governing Regulation Requires JetBlue to Refund TSA Fees**

14. Governing law requires refunds. *See* 49 C.F.R. § 1510.9(b) (emphasis added):

> <u>Any changes</u> by the passenger to the itinerary are subject to additional collection or <u>refund of the security service fee</u> ... as appropriate.

Plaintiff canceled his itinerary by cancelling it in full. This entirely obviates the basis for the security fee, per the calculation in 49 C.F.R. § 1510.5(a). As a result, Section 1510.9(b) imposed an obligation on JetBlue to refund the fee.

15. Secondary authorities confirm the plain meaning of Section 1510.9(b). The DHS Office of Audits in 2006 prepared a Review of the Transportation Security Administration Collection of Aviation Security Service Fees (DHS OIG-06-35)i. At page 9 (PDF page 13), the DHS report summarizes: "air carriers have no grounds to keep fees of any kind that are owed to the ticket purchaser or TSA."

6

16. The GAO in July 2010 prepared a report entitled <u>Consumers Could Benefit from Better Information about Airline-Imposed Fees and Refundability of Government-Imposed Taxes and Fees</u> (GAO-10-785) which again restated passengers' entitlement to TSA Fee refunds when they do not travel.  The GAO summarized: "consumers with unused nonrefundable tickets with expired or lost value are entitled to a full refund of the September 11th Security Fee, but few consumers request a refund because airlines are not required to inform consumers of this."

17. While federal regulation does require the refund of the TSA Fee to passengers in situations like Plaintiff's, no aspect of federal regulation contemplates, authorizes, or allows a carrier to require that a passenger apply in a particular way.  JetBlue's "where permitted, only upon written request by Passenger" clause is not therefore enforceable.  In the alternative, passengers' compliance with the above-quoted clause is futile, in that JetBlue rejects all such requests, just as it rejected Plaintiff's request.

**Plaintiff's Filing of the Present Action and Subsequent Developments**

18. On December 13, 2021, Plaintiff commenced the present action by filing a complaint (the "Complaint") in this District on behalf of himself and others who cancelled their tickets with JetBlue prior to travel or otherwise did not travel, yet who were not refunded their TSA fee(s).

19. On December 30, 2021, two weeks after Plaintiff commenced the present action, JetBlue unilaterally issued a $5.60 credit to Plaintiff's credit card, without Plaintiff's consent or prior knowledge.  Plaintiff had no way to decline this credit.

20. JetBlue has refused to change its practice of refusing to refund passengers' TSA fees after passengers cancel their itineraries. The practice of unlawfully retaining TSA fees continues to this day.

21. During a March 4, 2022 conference before the Hon. Judge Amon, counsel for JetBlue acknowledged that it is not JetBlue's policy to return the TSA fee when a flight is cancelled, and that JetBlue will not change its practices.

22. As Judge Amon noted, JetBlue only returned the TSA fee *after* Mr. Hahn filed the lawsuit. JetBlue had no intention of refunding the fee prior to the filing of the present lawsuit.

23. Given that the Court enforced the class action waiver, unless and until JetBlue changes its unlawful practice of refusing to return the TSA fee for unused flights, any passenger seeking a refund of the TSA fee to which they are entitled by contract and regulation must file an individual suit for breach of contract. Considering the low amount in dispute for an individual plaintiff, and the unavailability of attorney's fees on a breach of contract claim under New York law, filing such a suit would be impracticable, and even a successful plaintiff would expend more money in litigation than could possibly be recovered. The filing fee alone exceeds the amount at issue for any individual. In the absence of a class action, only an injunction barring JetBlue from withholding refunds of TSA fees would end this practice.

24. If Mr. Hahn purchases a ticket for travel with JetBlue in the future—a strong possibility given the limited marketplace for air travel and the predominance of JetBlue within that market—and cancels that itinerary, he will again be unlawfully denied the return of the TSA fee, unless JetBlue is compelled to end its practice.

## CLASS ALLEGATIONS (preserved for appeal)

25. Plaintiff realleges the foregoing paragraphs of this Complaint as though fully set forth herein.

26. A large number of passengers buy tickets for travel on JetBlue, but then do not travel. In such circumstances, JetBlue systematically fails to refund their TSA Fee to them as required by law.

27. The COVID-19 pandemic has expanded the set of passengers who do not use their pre-purchased travel.

28. **Class Definition**. Plaintiff brings this action as a class action for monetary relief pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following Class: All passengers who booked travel with JetBlue and paid JetBlue a TSA Passenger Fee, and who canceled such travel, within the past 6 years.

29. This action is properly maintained as a class action. The Class satisfies all of the requirements of Rule 23 for maintaining a class action.

30. **Ascertainability**. The members of the Class (collectively "class members") are known to JetBlue. Their identities are recorded in JetBlue's business records. Moreover, the Class Definition enables every putative class member to identify himself or herself as a member of the Class.

31. **Numerosity**. The Class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court. Plaintiff believes there are tens of thousands of members of the Class, who are geographically dispersed throughout the United States.

32. **Existence and predominance of common questions of law or fact**. There are questions of law or fact that are common to the Class, which predominate over questions affecting any individual class member.

33. Common questions of law or fact include without limitation:

9

- Whether a contract was formed at the time when a class member purchased a ticket for travel on JetBlue;
- Whether JetBlue breached the contract by failing to refund the TSA Fee to the passenger's original form of payment, after class members cancelled their tickets;

34. **Typicality**. The claims of Plaintiff are typical of those of the class members, and Defendant has no defenses that are unique to Plaintiff.

35. **Adequacy of representation**. Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse or antagonistic to the interests of the other members of the class. Plaintiff has retained competent counsel who are experienced in the prosecution of consumer class action litigation.

36. **Superiority**. A class action is superior to other methods for the fair and efficient adjudication of the claims asserted herein. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of time and expense that the prosecution of numerous individual actions would entail. Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of in this action. Plaintiff does not anticipate any unusual difficulties in the management of this class action.

## CAUSE OF ACTION: BREACH OF CONTRACT

37. Plaintiff realleges the foregoing paragraphs of this Complaint as though fully set forth herein.

38. Plaintiff entered into a valid and enforceable written contract with JetBlue for air transportation. That contract, applicable to all JetBlue passengers, specified that the passenger would be charged a TSA Fee, which would be used to pay the United States government's cost

10

for providing Federal civil aviation security services.  The contract further stated that the TSA fee is refundable in certain circumstances including those pertaining to Plaintiff.  Plaintiff accepted JetBlue's offer (as must anyone who wishes to fly on JetBlue) and fully performed his obligations under the contract.

39.	JetBlue nonetheless refused and failed to refund the TSA fee.  In breach of its contract, JetBlue represented that the TSA Fee was nonrefundable and refused to refund it.

40.	As a direct result of JetBlue's breach of the Contract, Plaintiff and all other JetBlue passengers who are due refunds suffered actual damages in the form of being denied their refundable TSA Fees and incurred reasonable and foreseeable economic harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for judgment against Defendant as follows:

A.	Certification of Plaintiff's claim as a class action, pursuant to Fed. R. Civ. P. 23(b)(2) & (3), on behalf of the proposed Class;

B.	Actual damages in an amount not less than the full amount of refunds for TSA Fees, in the passenger's original form of payment, owed by JetBlue to Plaintiff and the Class;

C.	A declaration that Defendant's withholding refunds of TSA Fees is a breach of the contract between JetBlue and its passengers;

D.	An order permanently enjoining Defendant from withholding refunds of TSA Fees when a passenger cancels or otherwise does not travel on an itinerary purchased from Defendant, and compelling Defendant to refund TSA Fees collected in connection

with itineraries which the passenger cancelled or on which the passenger otherwise did not travel;

E.   Pre-judgment interest at the maximum rate of interest permitted by law;

F.   Post-judgment interest at the maximum rate of interest permitted by law; and

G.   Such other and further relief that the court may deem just and proper.

**DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED:   New York, New York
         January 31, 2023

**GISKAN SOLOTAROFF & ANDERSON LLP**

*/s/*  _____
Oren Giskan
Amy Robinson
David O'Brien
90 Broad Street, 2nd Floor
New York, NY 10004